**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  09-cv-02076-REB

NRC BROADCASTING INC.,

    Plaintiffs,

v.

COOL RADIO, LLC,
THOMAS DOBREZ,
GABRIE HIGBIE,

    Defendants.

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

**Blackburn, J.**

The matter before me is plaintiff's **Motion For Temporary Restraining Order** [#2][1] filed August 31, 2009.  The defendants filed a response [#13].  I held a hearing on the motion on September 10, 2009.  I deny the motion.

### I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

### II.  STANDARD OF REVIEW

In determining whether a temporary restraining order should issue, I have judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; I have considered the evidence adduced in the plaintiff's motion and the defendants' response;

---

[1] "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

I have considered the oral argument made by counsel for the parties at the September 10, 2009, hearing; and I have considered the evidence presented, reasons stated, arguments advanced, and authorities cited by plaintiff in its motion for temporary restraining order and by the defendants in their response.

A temporary restraining order is extraordinary relief. A party seeking a temporary restraining order or preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order. **FED. R. CIV. P. 65(b)**.

### III.  ANALYSIS

In this case, the plaintiff alleges that the defendants improperly have been using the radio call letters KSKE to seek advertisers for a radio station operated by the defendants in Vail, Colorado. In December, 2005, the plaintiff, NRC Broadcasting, Inc., sold the Vail radio station to Superior Broadcasting of Denver, LLC. According to the parties, the sales agreement between NRC and Superior provided that NRC would retain the rights to the call letters KSKE and certain associated jingles and other intellectual property. Superior and NRC also entered into a local marketing agreement (LMA). The LMA provided that Superior will retain the call letters KSKE during the term of the LMA solely for use with the Vail radio station. On termination of the LMA,

Superior is to coordinate the release of the KSKE call letters to NRC.

The LMA between NRC and Superior was terminated effective September 7, 2009.  Superior, who owns the Vail radio station, has entered into a local marketing agreement with defendant Cool Radio, LLC (Cool LMA).  Cool Radio began providing programming for the Vail radio station on September 7, 2009.  The Vail radio station has been assigned new call letters, KBTB, and is operating using those call letters.  Cool Radio says that after the Cool LMA was executed, it contacted advertisers and referred to the Vail radio station by its then-call sign, KSKE, and its frequency, 104.7.  Cool Radio offered to honor any existing advertising contracts with the Vail radio station.  Cool Radio says it has not proceeded with advertising on the Vail radio station and that it will broadcast on the Vail radio station, using the call letters KBTB, commercial free for its first two weeks of operation by Cool Radio.

The heart of the plaintiff's claims in this case is its claim that Cool Radio's solicitation of advertisers using the KSKE call letters constitutes a violation of the Lanham Act, common law unfair competition, deceptive trade practices under the Colorado Consumer Protection Act, and misappropriation of business value.  In essence, all of NRC's claims are based on its allegation that the defendants improperly are using the KSKE call letters.  The evidence in the record indicates, however, that the defendants are no longer using the KSKE call letters for any purpose.  In this circumstance, a temporary restraining order cannot serve to prevent future and immediate irreparable injury to NRC because no future injury from the defendants' use of the KSKE call letters is threatened if the defendants are not using the call letters.

On the current record, I conclude that the plaintiff has not demonstrated that it will suffer immediate irreparable injury unless a temporary restraining order issues.  The

evidence in the record indicates that the defendants are not using the KSKE call letters, and, thus, there is no threat of injury to the plaintiff from the defendants' use of the KSKE call letters.  With no evidence of threatened injury to the plaintiff, I cannot conclude that any threatened injury to the plaintiff outweighs whatever damage the proposed injunction may cause the defendants.  Absent evidence to establish the second and third essential elements of proof necessary to obtain a temporary restraining order, the plaintiff's motion for temporary restraining order must be denied.

## IV.  ORDER

**THEREFORE, IT IS ORDERED** that the plaintiff's **Motion For Temporary Restraining Order** [#2] filed August 31, 2009, is **DENIED**

Dated September 14, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge