IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02076-REB-CBS

NRC BROADCASTING, INC.,

      Plaintiff,

v.

COOL RADIO, LLC,
THOMAS DOBREZ, and
GABRIE HIGBIE,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

The parties to this case have requested that the following Stipulated Protective Order be entered to govern the exchange of discovery material that the parties regard as confidential. Given the nature of the case, discovery will necessarily focus on several areas of a sensitive proprietary nature - such as the parties' respective marketing and business development efforts, customer information, and financial information. Many documents concerning these subjects contain confidential proprietary information and/or trade secrets. Because disclosure of such material poses a substantial risk of causing harm to the parties' respective competitive positions, the parties have developed and reached agreement upon a protocol for controlling disclosure of such information produced in discovery. The agreed-upon protocol is embodied in this Stipulated Protective Order.

Good cause exists for entry of this Order. See Fed. R. Civ. P. 26(c); In re Standard Metals Corp., 817 F.2d 625, 628 (10th Cir. 1987). The nature of the case requires the parties to seek and produce documents and information and elicit deposition testimony, the disclosure of

which poses a substantial risk of harm to the producing or designating party's legitimate proprietary interests.  This Stipulated Protective Order provides reasonable restrictions on the disclosure of such sensitive materials.  In order to streamline the discovery process and minimize the need for Court intervention, this Stipulated Protective Order adopts an approach that allows the producing party, or other party to which such information is proprietary or confidential, to designate certain materials being produced or deposition testimony as confidential.  Disclosure of materials designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is limited to specific classes of persons.  In addition, this Stipulated Protective Order provides for filing confidential documents with the Court under seal, if such documents need to be filed as part of motion practice or other proceedings.

This Stipulated Protective Order also provides that the party requesting production of the information may challenge the producing or designating party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential.  The Stipulated Protective Order allocates to the producing or designating party the burden of justifying the confidentiality designation. Accordingly, the Court hereby enters the following Stipulated Protective Order:

Whereas, the parties recognize that pursuant to discovery they may be required to disclose trade secrets and other confidential information; and

Whereas, the parties, through counsel, stipulate that good cause exists for the entry of this Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced in this case.

The following provisions of this Stipulated Protective Order shall control the disclosure,

2

dissemination, and use of information in this case.

IT IS HEREBY ORDERED that:

1.      Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION any documents, things, interrogatory answers, responses to requests for admissions, trial or deposition testimony, or other material that contains CONFIDENTIAL INFORMATION  or HIGHLY CONFIDENTIAL INFORMATION as set forth below.  Information so designated shall include all copies, excerpts, summaries, indices, or abstracts of such information, regardless of the manner disclosed, including designated information disclosed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, during a hearing or trial, in responses to requests for admissions or otherwise disclosed in connection with this action.

2.      As used in this Stipulated Protective Order, the term CONFIDENTIAL INFORMATION means material or information not generally known to the public that the producing or disclosing party in good faith believes to incorporate sensitive business or commercial information, trade secrets, know-how, proprietary data, or private or personal information.

3.      As used in this Stipulated Protective Order, the term HIGHLY CONFIDENTIAL INFORMATION means CONFIDENTIAL INFORMATION that is competitively sensitive to the producing party or competitively useful to the receiving party, such as proprietary pricing

information, proprietary marketing information, proprietary customer lists (including current and prospective customers), proprietary financial and accounting information, or proprietary licensing or contractual information which has been designated by producing party as HIGHLY CONFIDENTIAL.

4.      Any party may designate a document, thing, material or information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by providing, if possible, a designation on each page thereof or by identifying, in writing, such thing, material or information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

5.      Until and unless the Court rules otherwise, documents, things, material and information marked or otherwise designated as CONFIDENTIAL INFORMATION shall be maintained in confidence by the person to whom such material is produced and shall not be disclosed to any person except to:

a.      officers, directors, managers and/or employees of a party who have a need to know the information in connection with this lawsuit;

b.      counsel of record for the respective parties, and the secretarial, clerical, litigation support, and paralegal personnel employed or retained by such counsel;

c.      outside experts and consultants, who are not officers, directors, employees, or shareholders of a party, who have been retained in connection with this action, pursuant to paragraph 9;

4

d.      the Court and it employees (including court reporters, persons operating

video equipment at depositions, translators, and any special master appointed by the

Court) whose function requires them to have access to material designated as

CONFIDENTIAL INFORMATION under this Stipulated Protective Order;

e.      employees of third-party contractors involved solely in one or more

aspects of organization, translation, copying, filing, coding, converting, storing, or

retrieving data designing programs for handling data in connection with this litigation,

including providing computerized litigation support; and

f.      any other person as to whom the parties must first agree.

6.      HIGHLY CONFIDENTIAL INFORMATION shall not be disclosed to any

person except to those identified in paragraphs 5(b)-5(f).

7.      Notwithstanding paragraphs 5 and 6, any party or third-party witness may be

shown at a deposition or examine any document if it appears from the face of the document that

the witness authored or received a copy of it.  With the exception of third party witnesses who

either authored or previously received a copy CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION, such information may be disclosed to other persons not

authorized by this Stipulated Protective Order only with the mutual agreement in writing

between Counsel in advance of any disclosure to such person and only upon execution of the

Acknowledgment attached hereto as Exhibit A.

8.      The terms of this Stipulated Protective Order shall be applicable to any third party

who produces information which is designated by such third party as CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, and any party seeking discovery

in any manner of a third party or non-party witness shall provide to them a copy of this Stipulated

Protective Order at the time any subpoena or other request for discovery is first served on such third

party or non-party witness.  Nothing in this paragraph permits a party to designate as

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION any

information produced by a third party which that third party did not itself designate

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, unless such

information contains information proprietary or confidential to a party hereof.

      9.     A party seeking to disclose CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION to an outside expert or consultant shall notify counsel for

the producing party of the proposed disclosure and provide the name, address, and resume of

such expert or consultant at least five (5) days before disclosing CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  The producing party may

object to disclosure to any designated expert or consultant within five (5) days of receiving

notice of such expert or consultant.  No CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION shall be disclosed to such expert or consultant unless agreed

to by the parties or ordered by the Court.  Prior to disclosing CONFIDENTIAL INFORMATION

or HIGHLY CONFIDENTIAL INFORMATION to an expert or consultant, such expert or

consultant shall be provided with a copy of this Stipulated Protective Order, agree that he or she

will not use CONFIDENTIAL INFORMATION  or HIGHLY CONFIDENTIAL

INFORMATION for any purpose other than to prepare and/or provide expert testimony in this

action, and sign an undertaking in the form of Exhibit A.

10.     Testimony or information disclosed at a deposition may be designated by a party as

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by indicating

on the record at the deposition those portions of the testimony which contain CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION  that is to be made subject to the

provisions of this Stipulated Protective Order.  Alternatively, a party may designate testimony or

information disclosed at a deposition as CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION by notifying the other parties, in writing, within fifteen (15)

days of receipt of the transcript of the deposition, those portions of the testimony that are to be

designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

Each party shall attach a copy of such written statement to the face of the transcript and each copy

thereof in its possession, custody, or control.  Whether or not designation is made at the time of a

deposition, all depositions shall be treated as HIGHLY CONFIDENTIAL from the taking of the

deposition until twenty (20) days after receipt of the transcript, or until receipt of the notice referred

to in this paragraph, whichever occurs sooner.

11.     If any party objects to a designation hereunder, that party may request in writing

that the designating party rescind the designation.  If the parties cannot agree, the objecting party

may move the court to change the designation of any material.  The designating party shall bear

the burden of establishing the need for the CONFIDENTIAL or HIGHLY CONFIDENTIAL

designation.  A party may object to the designation of particular CONFIDENTIAL INFORMATION

or HIGHLY CONFIDENTIAL INFORMATION by giving written notice to the party designating the

disputed information.  The written notice shall identify the information to which the objection is

made.  If the parties cannot resolve the objection within ten (10) business days after the time the

notice is received, it shall be the obligation of the party designating the information as

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to file an

appropriate motion requesting that the Court determine whether the disputed information should be

subject to the terms of this Stipulated Protective Order.  If such a motion is timely filed, the disputed

information shall be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION under the terms of this Stipulated Protective Order until the Court rules on the

motion.  If the designating party fails to file such a motion within the prescribed time, the disputed

information shall lose its designation as CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION and shall not thereafter be treated as CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with this

Stipulated Protective Order.  In connection with a motion filed under this provision, the party

designating the information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION shall bear the burden of establishing that good cause exists for the disputed

information to be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION.

12.     (a) Within sixty (60) days after the conclusion of this action, including, all appeals,

all information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION, including extracts and summaries thereof, and all reproductions thereof, shall be

returned to the producing party or designating party, or shall be destroyed, at the option of counsel in

possession of such copies.  If the materials are destroyed, counsel responsible for the destruction

shall within seven (7) days of such destruction certify to counsel for the producing or designating

party that destruction has taken place.  Notwithstanding the foregoing, counsel for the parties may

retain the pleadings, court papers, transcripts of depositions and hearings and any exhibits thereto,

expert reports, written discovery requests and responses, and correspondence despite the presence of

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in those

materials.  Insofar as the provisions of this and any other Order entered in this action restrict the

communication and use of information, such Order(s) shall continue to be binding after the

conclusion of this litigation except (i) that there shall be no restriction on documents that are used as

exhibits in Court (unless such exhibits were filed under seal); and (ii) that a party may seek the

written permission of the producing party or designating party (as appropriate), or further order of the

Court with respect to dissolution or modification of any such Order(s).

(b) This Court shall retain jurisdiction over the parties and this Stipulated Protective Order

for the purposes of compliance with and enforcement of its terms, and the final termination of this

action shall not terminate this Stipulated Protective Order or its terms.

13.     Any pleading, brief, declaration, affidavit, or other filing marked CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION or containing CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be filed electronically under seal pursuant to the requirements of D.C.COLO.LCivR 7.2 and 7.3.  The Clerk of Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and filed in accordance with this paragraph. The sealed material shall not be opened or released from the custody of the Clerk of Court except by order of the Court.

14.     The restrictions set forth in any of the proceeding paragraphs shall not apply to information or material that:

a.     was, is, or becomes public knowledge in a manner other than by violation of this Stipulated Protective Order;

b.     is acquired by the non-designating party from a third party having the right to disclose such information or material;

c.     was lawfully possessed by the non-designating party prior to the entry of this Order by the Court; or

d.     independently developed by the non-designating party.

15.     Any discovery documents produced in this litigation may be later designated as "Attorney-Client Privilege" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or protected document was produced through inadvertence, mistake or other error, and no waiver of privilege or immunity shall be deemed to have occurred.  Upon such designation, the receiving attorney shall promptly collect all such

documents and copies thereof and return them to the producing party within five (5) business

days.  Notwithstanding the foregoing, the receiving attorney reserves the right to contest the

assertion of privilege or other protection with respect to any document.  The inadvertent or

unintentional failure by a producing party or designating to designate specific information as

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not be

deemed a waiver in whole or in part of a party's claim of confidentiality as to such information.

Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to

restore the confidentiality of the inadvertently disclosed information, without prejudice to the

receiving parties' right to challenge the designation pursuant to paragraph 11.

16.     Any party may apply to the Court for modification of this Stipulated Protective

Order.  This Stipulated Protective Order shall remain in full force and effected after the

termination of this litigation, or until cancelled or otherwise modified by Order of this Court.

Nothing in this Stipulated Protective Order shall prejudice the right of any party, or any third

party, to seek relief from the Court, upon good cause shown, from any of the restrictions

provided above or to impose additional restrictions on the disclosure of any information.

17.     Nothing in this Stipulated Protective Order shall bar or otherwise restrict counsel

from rendering advice to his or her client with respect to this action and, in the course thereof, relying

in a general way upon his or her examination of CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL produced or exchanged in this action; provided, however, that in rendering such

advice and in otherwise communicating with a person not entitled to view any CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the attorney shall not disclose the contents of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION produced by any other party or non-party.

18.     All CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION shall be stored and maintained in a manner that will prevent access to that information by unauthorized persons.

19.     By agreeing to the entry of this Stipulated Protective Order, the parties adopt no position as to the authenticity or admissibility of the documents produced or testimony subject to it.

20.     In the event that any party or individual described herein is served with a subpoena, Public Information Act request, or other judicial process demanding the production or disclosure of any information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, such party or individual shall (a) provide counsel for the party that produced the CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION with a copy of such subpoena or other judicial process within five (5) business days following receipt thereof and (b) shall initially object thereto to the extent permitted by law, citing this Stipulated Protective Order.  Nothing herein shall be construed as requiring such party or individual to further challenge or appeal any order requiring production of this CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

21.     Nothing herein shall preclude the parties in the lawsuit from filing any subsequent proceeding involving the parties and/or requesting any discovery related thereto.

22.     The Court reserves the right, upon Motion or upon its own Motion, to amend or modify this Stipulated Protective Order for good cause shown.

DATED at Denver, Colorado, this 23rd day of November, 2009.

BY THE COURT:


_s/Craig B. Shaffer_____
Craig B. Shaffer
United States Magistrate Judge


AGREED AND APPROVED:

s/ Leslie Gallagher Moylan
Adam S. Caldwell
Bryan T. McGinnis
Leslie G. Moylan
 *adamcaldwell@dwt.com*
 *bryanmcginnis@dwt.com*
 *lesliemoylan@dwt.com*

DAVIS WRIGHT TREMAINE, LLP-DC
1919 Pennsylvania Avenue, N.W. #200
Washington, D.C. 20006-3402

s/ Paul S. Cha
Scott R. Bialecki
Paul S. Cha
 *scott.bialecki@hro.com*
 *paul.cha@hro.com*

HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado  80203
Telephone:  (303) 861-7000
Facsimile:  (303) 866-0200

ATTORNEYS FOR PLAINTIFF
NRC BROADCASTING, INC.

s/ Brett N. Dorny (With Permission)
Brett N. Dorny
 *bndorny@dornylaw.com*
LAW OFFICE OF BRETT N. DORNY
10955 Westmoor Drive, Suite 400
Westminster, CO 80021
Telephone:  (303) 800-1576
Facsimile:  (303) 952-5437

ATTORNEY FOR DEFENDANTS
COOL RADIO, LLC
THOMAS DOBREZ, and
GABRIE HIGBIE

14

<u>**EXHIBIT A**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:09-cv-02076-REB-CBS

NRC BROADCASTING, INC.,

      Plaintiff,

    v.

COOL RADIO, LLC,
THOMAS DOBREZ, and
GABRIE HIGBIE,

      Defendants.

---

**PROTECTIVE ORDER NOTICE**

---

STATE OF_                )

                          )ss.

COUNTY OF _            )

      I,_____, being first duly sworn, state that:

      My address and phone number

are_____

_____.

      My present employer is _____ and the address

of my employer is _____.

15

I have received an read a copy of the Stipulated Protective Order in this cased signed by United States Magistrate Judge Shaffer on _____ in the case of <u>NRC Broadcasting, Inc. v. Cool Radio, LLC, et al.</u>, Civil Action No. 09-cv-02076-REB-CBS, in the United States District Court for the District of Colorado.

I understand that I can be held in contempt of court for violating the terms of the Stipulated Protective Order and I submit to the jurisdiction of the Court referenced above for the purposes of the Stipulated Protective Order.

I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shown or told to me except as authorized in the Stipulated Protective Order.  I will not use the information for any purpose other that this litigation.


[signature on next page]

I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.

_____
(Signature)

_____
(Print Name)

SUBSCRIBED AND SWORN to before me this ___ day of _____,_____ by _____.

WITNESS my hand and official seal.

_____
Notary Public

My Commission Expires: _____

17